## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> **Plaintiff** )<br> )<br> )<br>**v.** )<br> )<br>**0.10 ACRE OF LAND, etc., et al.,** )<br> **Defendants** ) | **REPORT AND**<br>**RECOMMENDATION**<br>Case No. 1:03cv00068<br><br>By:   PAMELA MEADE SARGENT<br>United States Magistrate Judge |

This condemnation case is before the undersigned on the plaintiff's motion for the court to determine just compensation and distribution. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order dated August 29, 2006, the motion is before the undersigned magistrate judge by referral. As directed by the order of referral, the undersigned now submits the following report and recommendation.

*I. Background*

This condemnation case was initiated on June 9, 2003, by the filing by the United States of America, ("the Government"), of a Complaint for Condemnation and Declaration of Taking of Property under the power of eminent domain in accordance with 40 U.S.C. §258a and 33 U.S.C. §§ 591, 701, which authorize the acquisition of land for flood control projects, and certain acts of Congress authorizing and appropriating funds for the construction of flood control measures at Grundy, Virginia, as a part of the general comprehensive plan for flood control and other purposes on the Levisa Fork of the Big Sandy River. On the same date, a deposit in

-1-

the amount of $83,000.00 was made to the registry of the court contemporaneously with the filing of the Declaration of Taking. (Docket Item No. 2.) Thus, title to the property passed to the Government on this day.  The property at issue consists of two parcels of land situated in the Town of Grundy with a combined acreage of approximately 0.10 of an acre of land, ("the Property").

Notice of this condemnation action was published and waivers of service were mailed to the parties and entities known and believed to have an interest in the Property. The individuals believed to have an interest in the Property as of the date of the filing of this action were the heirs and descendants of M. L. Goff, who held title to this property until his death in 1944. As a result of this publication and service, the following individuals were identified as the heirs of M. L. Goff or otherwise having an interest in the Property:

- Ann Goff Chaney, daughter of M. L. Goff;;
- Dale Chaney, husband of Ann G. Chaney;
- Edith Goff  Street, daughter of M. L. Goff;
- Colleen Goff Oppenheimer, daughter of M. L. Goff;
- Birchie Goff, widow of Clarence Goff, a deceased son of M. L. Goff;
- Denise Goff, daughter of Warren Goff, a deceased son of M. L. Goff;
- Joan Goff, widow of Ralph Goff, a deceased son of M. L. Goff;
- Elizabeth Goff Overstreet, granddaughter of M. L. Goff and daughter of Ralph and Joan Goff;
- Melissa Goff, granddaughter of M. L. Goff and daughter of Ralph and Joan Goff; and

- M. P., a minor great-granddaughter of M. L. Goff, granddaughter of Ralph and Joan Goff and daughter of Suzanne Goff, a deceased daughter of Ralph and Joan Goff.

These individuals returned waivers of service. None of these individuals have filed an objection to this action or otherwise filed an answer or made any appearance in this suit. The court previously appointed a guardian ad litem to represent the interests of M. P., the minor child, in this litigation. Accordingly, this action is ripe for determination of the amount of just compensation and the percentage to which each person having a claim to the property may be entitled.

As stated above, the Property consists of two parcels of land comprising 0.10 of an acre of land lying within the corporate limits of the Town of Grundy, Virginia. The first parcel, No. 218-1, fronts the east side of Main Street 25 feet, is 53 feet on the north and south sides, measures an estimated 26 feet on the east side and contains 1,352 square feet or 0.03 acre. All of this parcel is usable land. (Plaintiff's Brief On Title and Distribution, (Docket Item No. 20), Attachment 1, Appraisal Report by Warren Klutz, ("Appraisal"), p. 8.) The second parcel, No. 218-2, fronts the east side of Main Street for 52 feet, is 53 feet along Maple Street, measures 53 feet with the centerline of Slate Creek, is 59 feet on the east side, and contains 2,941 square feet or 0.07 acre. A two-story building, with a basement, is located on this parcel. A portion of this parcel is not usable due to its steep slope and sharp drop-off from the edge of the building and the floodway of Slate Creek. (Appraisal at p. 8.)

A search of the title records of Buchanan County, Virginia, reveals that the last

recorded title holder to the entirety of these two parcels was M. L. Goff by deed dated May 24, 1924, filed for record with the Buchanan County Circuit Court Clerk's Office, ("Buchanan Clerk's Office"), on May 28, 1924, and recorded in Deed Book 58, Page 441. M. L. Goff died testate on May 17, 1944, and according to his Last Will and Testament, recorded in Will Book 2, Page 129 in the Buchanan Clerk's Office, his interest in the subject parcels passed to his children: Warren Hassel Goff; Ann Goff Chaney; Clarence Ellis Goff; Ralph Eugene Goff; Edith Goff and Colleen Goff.

Warren H. Goff died intestate in March 1984, and his interest in the subject property passed to his daughter, Denise Goff, according to the List of Heirs recorded in Will Book 25, Page 86 in the Buchanan Clerk's Office on March 8, 2002. Clarence E. Goff died intestate on July 3, 1995, and his interest in this property passed to his wife, Birchie Goff, according to a List of Heirs dated September 14, 1995, and recorded September 14, 1995, in Will Book 18, Page 149. Ralph Goff died intestate in 1969. At the time of his death, Ralph Goff was survived by his wife, Joan, and three daughters, Suzanne Goff, Elizabeth Goff Overstreet and Melissa Goff. In 2000, Suzanne Goff died intestate survived by one minor daughter, M. P. Birchie Goff died intestate on October 2, 2006. Through contacts made by counsel with the Army Corps of Engineers with John Goff, son of Birchie Goff, it appears that Birchie Goff was predeceased by another son who was survived by a wife and minor daughter. This daughter, H. G., is now seventeen years old. In addition to the two sons, Birchie and Clarence are survived by one daughter, Leigh Goff Foley.

Prior to the United States filing the Complaint in Condemnation and

Declaration of Taking, the Army Corps of Engineers and each of the known and identified claimants, with the exception of the minor M. P., in 2002 reached an agreement which provided for the payment of $83,000.00 to the claimants as just compensation for the taking of the Property. (Plaintiff's Brief On Title And Distribution, (Docket Item No. 20), Attachment 3, Offer To Sell Real Property, ("Agreement").) The Agreement, in paragraph (6), specifies that the compensation will be pro rated among all persons having an interest in this property as their respective interests may appear. Paragraph (10) of the Agreement contains the parties' agreement that the terms and conditions of the Agreement apply to and bind the heirs, executors, administrators, successors and assigns of the claimants. Because the Army Corps of Engineers was not able to finalize the Agreement with the minor, who lived in Georgia with her aunt, Elizabeth Goff Overstreet, the Government determined that judicial action was required. The Complaint in Condemnation and Declaration of Taking were filed, and the minor was appointed a guardian ad litem by this Court.

To date, none of the identified claimants, nor any others claiming to have an interest in the Property, have come forward with evidence of the value of the Property on the date of taking. After initiation of this action, the United States contracted with a private, Virginia licensed Certified General Real Estate Appraiser, Warren Klutz, to obtain an expert opinion as to the fair market value of the subject property as of June 11, 2003, the date of taking. Klutz appraised the two parcels as having a combined fair market value of $82,400.00.

*II. Analysis*

Pursuant to Federal Rule of Civil Procedure 71A, federal courts sitting in condemnation cases shall decide all issues, except that a trial by jury is available upon demand as to the issue of just compensation. *See* FED. R. CIV. P. 71A(h); *see also U.S. v. Reynolds*, 397 U.S. 14, 19-20 (1970); *accord U.S. v. 677.50 Acres of Land*, 420 F.2d 1136, 1140 (10th Cir. 1970) (finding the district court erred in directing the trial commission to determine ownership of the property). Thus, the court has the power to determine who among competing claimants held title prior to condemnation. *See U.S. v. Atomic Fuel Coal Co.*, 383 F.2d 3 (4th Cir. 1967); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950); *U.S. v. 22,680 Acres of Land*, 438 F.2d 75, 77 (5th Cir. 1971); *U.S. v. 1,629.6 Acres of Land*, 503 F.2d 764, 766 (3rd Cir. 1974); *U.S. v. 88.28 Acres of Land*, 608 F.2d 708, 714 (7th Cir. 1979). Also, each claimant bears the burden of establishing his or her interest in the property at issue. *See U.S. v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966); *U.S. v. Certain Land in the Village of Highgate Springs*, 413 F.2d 128 (2nd Cir. 1969); *Wash. Metro. Area Transit Auth. v. One Parcel of Land*, 197 F. Supp. 2d 339, 342 (D. Md. 2002). Furthermore, title and distribution are normally decided by the court as a preliminary matter. *See Atomic Fuel Coal Co.*, 383 F.2d at 3.

In this case, no interested party has filed any answer or demand for jury trial as to the issue of just compensation. In fact, no interested party, other than the guardian ad litem for M. P., has filed any evidence or argument as to proper title and distribution of the just compensation. In fact, from the evidence presented to the court, it appears that all interested parties, except for the minor M. P., reached an agreement

with the Army Corps of Engineers as to the amount of just compensation and its distribution. Thus, this court must determine what interest in the Property was held by the minor M. P. at the time of the taking and what the just compensation for that interest should be. No evidence contesting the Government's Appraisal has been filed on behalf of the minor M. P. The Appraisal states that the fair market value of the Property as of June 11, 2003, the date of taking, was $82,400.00. Nonetheless, the Government has stated that it believes the court should award just compensation in the amount of $83,000.00, the amount of just compensation called for by the Agreement. Furthermore, it appears to the court that, but for a typographical error transposing two figures in the argument filed by the guardian ad litem, the Government and the guardian agree as to the proper distribution of the just compensation.

While federal law applies to the determination of just compensation, federal courts look to the law of the state in which the interest arises in deciding the nature of the interest claimed. "Though the meaning of 'property' as used . . . in the Fifth Amendment is a federal question, it will normally obtain its content by reference to local law." *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 279 (1943). *See also U.S. v. 79.31 Acres of Land*, 717 F.2d 646, 647 (1st Cir. 1983).

The undisputed evidence before the court establishes that the last recorded owner of the Property was M. L. Goff, who died testate in 1944 survived by his six children. According to the terms of his will, M. L. Goff's interest in the Property passed to his children equally. Therefore, the surviving children of M. L. Goff, Ann Goff Chaney, Edith Goff Street and Colleen Goff Oppenheimer, each hold a one-sixth interest in the Property and should each receive one-sixth of the just compensation.

Subsequent to inheriting the Property, but prior to the taking, three of M. L. Goff's children died intestate still possessed of their one-sixth interest in the Property. The law in effect at the time of a decedent's death governs the disposition of his estate. *See Ball v. Ball*, 33 Va. Cir. 525, 1984 WL 276217, at *1 (1984) (citing *Dillard v. Tomlinson*, 15 Va. 183 (1810)); *Mott v. Nat'l Bank of Commerce*, 59 S.E. 2d 97, 100 (Va. 1950); *accord McFadden v. McNorton*, 69 S.E. 2d 445, 446 (Va. 1952).

Under Virginia law prior to 1977, title to real estate passing by intestacy went to the decedent's children and their descendants first. *See* VA. CODE ANN. § 64.1-1 (1968 Repl. Vol.). Interests in real estate passed equally to each descendant of the same degree of kinship. *See* VA. CODE ANN. §64.1-3 (1968 Repl. Vol.). When one or more individuals in a degree of kinship was deceased, that individual's share passed to his or her descendants. *See* VA. CODE ANN. §64.1-3 (1968 Repl. Vol.). A decedent's spouse was entitled to a dower or curtesy interest, i.e., a life estate in one-third of the real estate. *See* VA. CODE ANN. § 64.1-19 (1968 Repl. Vol.).

On July 1, 1977, this law was amended, giving the surviving spouse a full fee simple interest in one-third of the real estate, with the remaining two-thirds passing to the surviving children. *See* VA. CODE ANN. § 64.1-19 (1980 Repl. Vol.). The statute was amended again in 1982, giving the surviving spouse a full fee simple interest in the real estate, so long as all of the surviving children were those of the surviving spouse. *See* VA. CODE ANN. § 64.1-1 (1980 Repl. Vol. & 1986 Supp.). In the event that the decedent had children unrelated to the surviving spouse, the surviving spouse received a one-third fee simple interest and the children and their

Case 1:03-cv-00068-GMW-PMS   Document 24   Filed 01/31/07   Page 8 of 13   Pageid#: 126

decedents received the remaining two-thirds interest. *See* VA. CODE ANN. § 64.1-1 (1980 Repl. Vol. & 1986 Supp.) In January 1991, Virginia abolished dower and curtesy, but left all rights existing prior to that date intact. *See* VA. CODE ANN. § 64.1-19.2 (2002 Repl. Vol.). Since 1982, the statute has not changed substantially. *See* VA. CODE ANN. § 64.1-1 (2002 Repl. Vol.). If there is no surviving spouse, the entire interest passes in equal shares to the decedent's children and/or their descendants. *See* VA. CODE ANN. § 64.1-1 (2002 Repl. Vol.)

Warren Goff died intestate in March 1984, survived by only one daughter, Denise Goff. Therefore, his one-sixth interest in the Property passed upon his death to Denise Goff. Thus, Denise Goff held a one-sixth interest in the Property at the time of the judgment vesting title in the United States, and she should receive one-sixth of the just compensation for the Property.

Clarence Goff died intestate in July 1995 survived by his wife, Birchie Goff, and their three children, two sons and one daughter. When Clarence Goff died intestate, his one-sixth interest in the Property passed to his surviving wife, Birchie Goff, who held this one-sixth interest at the time she entered into the Agreement with the Government and at the time of entry of judgment on the Declaration of Taking. As stated above, the Agreement binds the heirs, executors, administrators, successors and assigns of the claimants. On October 2, 2006, Birchie Goff died intestate survived by two of her three children – John Goff and Leigh Goff Foley, and one grandchild, the minor daughter of a son who predeceased her, H. G. Therefore, upon her death, her one-sixth interest passed equally to John Goff, Leigh Goff Foley and H. G., who each presently hold a one-eighteenth interest in the Property. Therefore, each of these

-9-

individuals should receive one-eighteenth of the just compensation.

Ralph Goff died intestate in 1969 survived by his wife, Joan Goff, and their three daughters, Suzanne, Elizabeth and Melissa. Under Virginia law at the time of his death, Joan Goff was entitled to a dower interest, *i.e.*, a life estate in one-third of the real estate. Also, the dower interest assigned to her in the Property is held in common with the other claimants. *See Parrish v. Parrish*, 14 S.E. 325, 326 (Va. 1892). The remaining interest in the one-sixth share held by Ralph Goff in the Property passed to the then-living daughters of Ralph and Joan – Suzanne, Elizabeth and Melissa. At the time of Ralph's death, each daughter had a one-third interest in their father's one-sixth interest in the Property or a one-eighteenth interest, subject to their mother's life estate interest in one-third of the Property. Suzanne Goff died intestate on March 9, 2000, survived by only a minor daughter, M. P. Upon Suzanne Goff's death, her interest in the Property passed to her only heir, M. P. Thus, at the time of the filing of the Declaration of Taking, Elizabeth Goff Overstreet, Melissa Goff and M. P. each possessed a one-eighteenth interest in the Property, subject to Joan Goff's interest in a life estate in one-third of the one-sixth interest which Ralph Goff possessed.

Virginia law sets forth a procedure by which the present value of a life estate in real property may be valued whenever a court orders that a gross sum be paid in lieu of the life estate interest. *See* VIRGINIA CODE ANN. §§ 55-269.1, 55-270, 55-271 (2003 Repl. Vol.) According to this statutory scheme, the present value of Joan Goff's life estate in one-third of a one-sixth interest in the Property is calculated based on her age as of the date of taking and the value of the estate in which she had a life estate. On June 9, 2003, Joan Goff's age was 73. Also, the just compensation for

-10-

Ralph Goff's one-sixth interest in the Property was $13,833.33. A one-third interest in Ralph Goff's one-sixth interest was worth $4,611.11 as of June 9, 2003. Under this statutory scheme, the court must first determine the annual interest on the value of the estate, $4,611.11, at eight percent, which would be $368.89. *See* VA. CODE ANN. §55-270. This amount, $368.89, is then multiplied by the present value as determined by the person's age, which in this case would be 5.92 for a person of 73 years of age. Thus, Joan Goff's life estate interest was worth $368.89 multiplied by 5.92, or $2,183.83 on the date of the taking.

## **PROPOSED FINDINGS OF FACT**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Just compensation for the Property is $83,000.00;

2. At the time of the taking, the following individuals held the following interests in the Property;
   i. Denise Goff – a one-sixth interest;
   ii. Ann Goff Chaney – a one-sixth interest;
   iii. Edith Goff Street – a one-sixth interest;
   iv. Colleen Goff Oppenheimer – a one-sixth interest;
   v. John Goff – a one-eighteenth interest;
   vi. Leigh Foley Goff – a one-eighteenth interest;
   vii. H. G. – a one-eighteenth interest;
   viii. Joan Goff – a life estate interest in one-third of the one-sixth interest of her husband, Ralph Goff;
   ix. Elizabeth Goff Overstreet – a one-eighteenth interest subject to Joan Goff's life estate in one-third of the one-sixth interest of her husband, Ralph Goff;
   x. Melissa Goff – a one-eighteenth interest subject to Joan Goff's life estate in one-third of the one-sixth interest of her husband, Ralph

        Goff; and
- xi. M. P. – a one-eighteenth interest subject to Joan Goff's life estate in one-third of the one-sixth interest of her husband, Ralph Goff;

3. The $83,000.00 just compensation should be distributed as follows:
   - i. Denise Goff – $13,833.33;
   - ii. Ann Goff Chaney – $13,833.34;
   - iii. Edith Goff Street – $13,833.34;
   - iv. Colleen Goff Oppenheimer– $13,833.33;
   - v. John Goff – $ 4,611.11;
   - vi. Leigh Goff Foley – $ 4,611.11;
   - vii. H. G. – 4,611.11;
   - viii. Joan Goff – $ 2,183.83;
   - ix. Elizabeth Goff Overstreet. – $ 3,883.17;
   - x. Melissa Goff – $ 3,883.17;
   - xi. M. P.– $ 3,883.16; and

4. Any interest accrued on the funds on deposit in the court's registry should be distributed to the above-listed individuals in shares proportionate to the share of the just compensation received.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court enter an appropriate order.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(c):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge shall make a de novo determination of those portions of

the report or specified proposed findings or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is also directed to send copies of this Report and Recommendation to all counsel of record.

DATED: January 31, 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE